UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ION BADASCO,
    a/k/a " Rostislav Kopetzky,"

Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE OF INTENT TO
REQUEST JUDICIAL
REMOVAL

21 Cr. 503 (JSR)

NOTICE IS HEREBY GIVEN TO ION BADASCO, and to his attorney of record, Judith Vargas,

Esq. that upon conviction of the defendant for a violation of Title 18, United States Code, Section

1029(b)(2), the United States of America shall request that the Court issue a Judicial Order of

Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act

of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:    New York, New York
        April 26, 2023

                        DAMIAN WILLIAMS
                        United States Attorney
                        Southern District of New York

              By:    _____
                        Jaclyn Delligatti
                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ION BADASCO,
    a/k/a " Rostislav Kopetzky,"

Defendant.

FACTUAL ALLEGATIONS IN
SUPPORT OF JUDICIAL
REMOVAL

21 Cr. 503 (JSR)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO ION BADASCO, and to his attorney of record, Judith

Vargas, Esq., that the United States of America alleges the following facts in support of the Notice

of Intent to Request Judicial Removal:

1.    The defendant is not a citizen or national of the United States.

2.    The defendant is a native of Moldova and a citizen of Moldova.

3.    The defendant was paroled into the United States at New York, New York on

October 14, 2022.

4.    The defendant was granted a Significant Public Benefit Parole valid for two days,

for the purpose of criminal prosecution.

5.    At the time of sentencing in the instant criminal proceeding, the defendant will be

convicted in the United States District Court, Southern District of New York, for: Conspiracy to

Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029(b)(2).

6.    The total maximum sentence of incarceration for Count One is a term of

imprisonment of ten years. The total maximum term of supervised release on Count One is three years.

7.     The defendant is inadmissible and subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Moldova, promptly upon his satisfaction of any sentence of imprisonment, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

Dated:          New York, New York
                April 26, 2023

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                            By:    _____
                                        Jaclyn Delligatti
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ION BADASCO,
a/k/a " Rostislav Kopetzky,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEFENDANT'S PLEA
STATEMENT IN SUPPORT OF
JUDICIAL REMOVAL

21 Cr. 503 (JSR)

ION BADASCO, defendant in the above-captioned criminal proceeding, hereby states as
follows:

1.      My true and correct name is ION BADASCO.

2.      I received a Notice of Intent to Request Judicial Removal ("Notice"), dated April
26, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section
238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C.
§ 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or
entry of a guilty plea in this case.

3.      I received the Factual Allegations in Support of Judicial Removal ("Allegations"),
dated April 26, 2023. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8
U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.      My rights in a judicial removal proceeding have been fully explained to me by my
attorney, Judith Vargas, Esq. After consultation with counsel and understanding the legal
consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing
provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all

rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.      I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.      I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

7.      I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available

under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in and have no present fear of persecution in Moldova, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in and have no present fear of torture in Moldova, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States, and I waive any and all rights to challenge any provision of this agreement in any U.S. or

foreign court or tribunal.

5-2-2023
Date

_____
Defendant's Signature

5.2.2023
Date

_____
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    against -

ION BADASCO,
    a/k/a " Rostislav Kopetzky,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

CONCURRENCE OF UNITED
STATES IMMIGRATION AND   -
CUSTOMS ENFORCEMENT

21 Cr. 503 (JSR)

      Based upon consideration of the applicable law and the defendant's statement, I hereby

concur, on behalf of United States Immigration and Customs Enforcement, in the United States

Attorney's request that a judicial order of removal be granted against the defendant.

Dated:      New York, New York
          APREL 26   , 2023

                                   Kenneth Genalo
                                   Field Office Director
                                   United States Immigration and
                                   Customs Enforcement
                                   Enforcement and Removal Operations

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

I ION BADASCO,
      a/k/a " Rostislav Kopetzky,"

Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF
JUDICIAL REMOVAL

21 Cr. 503 (JSR)

Upon the application of the United States of America, by Jaclyn Delligatti, Assistant United

States Attorney, Southern District of New York; upon the Factual Allegations in Support of

Judicial Removal; upon the consent of ION BADASCO, and upon all prior proceedings and

submissions in this matter; and full consideration having been given to the matter set forth herein,

the Court finds:

1.       The defendant is not a citizen or national of the United States.

2.       The defendant is a native of Moldova and a citizen of Moldova.

3.       The defendant was paroled into the United States at New York, New York on

October 14, 2022.

4.       The defendant was granted a Significant Public Benefit Parole valid for two days,

for the purpose of criminal prosecution.

5.       At the time of sentencing in the instant criminal proceeding, the defendant will be

convicted in the United States District Court, Southern District of New York, for: Conspiracy to

Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029(b)(2).

6.       The total maximum sentence of incarceration for Count One is a term of

imprisonment of ten years. The total maximum term of supervised release on Count One is three years.

7. The defendant is inadmissible and subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated Moldova as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Moldova.

Dated:     New York, New York
      5/2, 2023

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE